HANNAH S. HAYDAY ET AL., PROSECUTORS, v. THE BOROUGH OF OCEAN CITY.

Argued November Term, 1902—Decided February 24, 1903.

The effect of the action of commissioners appointed under the Martin act (*Pamph. L.* 1886, *p.* 149, *ch.* 112) in readjusting assessments, is to cure all defects or illegalities which existed in them as originally laid. The fact that the assessments as originally laid were defective or illegal, affords no ground of relief, after such readjustment.

---

On motion for rehearing.

Before GUMMERE, CHIEF JUSTICE, and Justice HENDRICK-SON.

For the prosecutors, *George A. Bourgeois.*

For the defendant, *Harrison H. Voorhees.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Commissioners of adjustment, appointed under the Martin act (*Pamph. L.* 1886, p. 149; *Gen. Stat.*, p. 3370), having adjusted certain assessments for paving, laid against property of the prosecutors in the years 1892 and 1895, a *certiorari* was allowed for the purpose of reviewing the adjusted assessments. At the hearing the prosecutors sought to attack the original assessments, but were not permitted to do so, the court considering that they were barred by their laches. The writ having been dismissed, a rehearing is prayed, on the ground that the long period which elapsed between the time when these assessments were originally laid' and the suing out of the writ of *certiorari* did not, under the peculiar conditions which are claimed to have existed, show laches on the part of the prosecutors. This may be so. Nevertheless they are not now open to attack. One of the objects of the "Martin act" and its supplements was to provide a way for the correction, amendment and *validation* of taxes and assessments which were inefficacious on account of irregularities or illegalities, in order that land benefited by an authorized public work should not escape the payment of its proportionate share of the benefits thereof. *In re Commissioners of Elizabeth,* 20 *Vroom* 488; *Norris* v. *Elizabeth,* 22 *Id.* 485; *Protestant Foster Home* v. *Newark,* 23 *Id.* 138. The effect of the action of the commissioners, in readjusting the assessments, was to cure all defects or illegalities which existed in them as originally laid; or, to speak more accurately—quoting from the title of the act—"to impose and levy a new assessment and lien in lieu and instead" thereof. The fact, therefore, that the assessments, as originally laid against the property of the prosecutors in the years 1892 and 1895, were defective or illegal, affords no ground of relief.

The application for a rehearing should be denied.